130 N.J. Super. 366 (1974)
327 A.2d 248
IN THE MATTER OF CARL E. KRAH, PETITIONER-APPELLANT,
v.
STATE OF NEW JERSEY, DEPARTMENT OF THE TREASURY, DIVISION OF PENSIONS, PUBLIC EMPLOYEES' REIREMENT SYSTEM, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 19, 1974.
Decided October 10, 1974.
Before Judges HALPERN, CRAHAY and ACKERMAN.
*367 Mr. Garl L. Falkin argued the cause for appellant (Messrs. Franzblau, Cohen & Falkin, attorneys; Mr. E.A. Cohen, of counsel; Mr. Garl L. Falkin, on the brief).
Mr. Samuel J. Halpern, Deputy Attorney General, argued the cause for respondent (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Mr. Stephen Skillman, Deputy Attorney General, of counsel; Mr. Samuel J. Halpern, on the brief).
PER CURIAM.
Petitioner appeals from an administrative determination of the Department of the Treasury, Division of Pensions, denying him the opportunity to purchase credit in the Public Employees' Retirement System (PERS) for prior temporary service.
Appellant undertook temporary employment with the Newark Housing Authority on July 7, 1958. On October 1, 1961 he received his permanent appointment and thereupon was enrolled in PERS. Pursuant to N.J.S.A. 43:15A-11 (L. 1954, c. 84, § 11) he could have applied at any time to purchase the prior temporary credit. He did not.
On June 17, 1971 N.J.S.A. 43:15A-11 was amended by L. 1971, c. 213, § 3  the essential pertinent change being that
* * * The member must agree to make such contributions within 1 year after the effective date of this act or during his first year of membership in the retirement system. [Emphasis supplied]
On October 1, 1972, three months after the expiration of the newly impoesd statutory limitation, appellant filed.
On appeal he contends that (1) PERS was required to notify his certifying agent in the Housing Authority of the amendatory legislation and failed to do so, and (2) he is entitled to purchase the sought credit under N.J.S.A. 43:15A-54. The latter point was not made below. We affirm.
*368 The hearing officer in the proceedings below found that the Newark Housing Authority in fact had been notified of the amendment. Appellant's principal argument on this appeal is a challenge of that finding. We need not reach it since we are satisfied that there was no requirement that PERS notify employers of amendatory legislation.
N.J.S.A. 43:15A-6 et seq. (Public Employees' Retirement System of New Jersey) imposes the primary obligation to enroll employees in the system on the employer through its certifying agent. Bahrle v. Mirabelli, 107 N.J. Super. 361, 365 (Law Div. 1969).
PERS is mandated to issue a copy of the Employee Benefit Manual to each certifying agent. N.J.A.C. 17:1-1.18(a) and (b). The duty of administering each employing unit resides in its certifying agent. N.J.A.C. 17:2-1.5; N.J.S.A. 43:15A-67. Nowhere do we find, expressed or implicit, any continuing statutory obligation on PERS to disseminate to certifying agents amendatory legislation concerning the retirement system at the time of its enactment.
We may not create judicially a difficult and onerous obligation (we deal here with hundreds of thousands of employees and thousands of certifying agents) where the Legislature chose not so to do. If the Legislature deemed the limitation on credit purchase contingent on such notice, it could have so stated. Illustratively, we note that is has, in treating of substantive rights under another pension system (Teachers' Pension and Annuity Fund, N.J.S.A. 18A:66-1 et seq.) mandated written notice by that fund to employers. N.J.S.A. 18A:66-7. Here, it simply did not. Meyer v. Board of Teachers' Pens. & Annuity Fund, 49 N.J. Super. 255, 259 (App. Div. 1958).
Lastly, defendant's contention (not raised below) that he is entitled to the sought credit by virtue of N.J.S.A. 43:15A-54 (correction of errors; approval of application for prior service credit) is without merit and does not warrant discussion.
Affirmed.